# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
|    Anthony Wayne Gilmore, ) | Case No. 10-21720-drd7 |
| ) | |
|    Debtor. ) | |

| | |
|---|---|
| JILL D. OLSEN, Trustee, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Adversary Pro. No. 13-02004-drd |
| ) | |
| DENNIS VOLLRATH, et al., ) | |
| ) | |
|    Defendants. ) | |

## MEMORANDUM OPINION

Before this Court is the Complaint to Determine the Validity, Priority or Extent of Liens (the "Complaint") filed by Plaintiff Jill D. Olsen, Chapter 7 Trustee (the "Trustee"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157(a) and (b). This is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. §157(b)(2)(K).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case are undisputed, and are set forth in the parties' Joint Stipulation of Facts. On March 6, 2008, Defendant A.L. Investments, formerly known as Exterior Building Supply, Inc. ("EBS"), obtained a judgment against Anthony Wayne Gilmore (the "Debtor") which was transcribed in the Circuit Court of Boone County, Missouri, on March 17, 2008. On November 17, 2008, the Internal Revenue Service (the "IRS"), on behalf of the United States, recorded a notice of federal tax lien with respect to the Debtor's federal income taxes for the years 2002, 2003, 2004 and 2005. The IRS also recorded a notice of tax lien with respect to the

Debtor's unpaid unemployment taxes for 2006. Similar assessments were made by the IRS against the Debtor in 2009 and 2011 for unpaid employment taxes and federal income taxes. In each case, a notice of federal tax lien was recorded in the Boone County Recorder's Office.

The Debtor and his former spouse owned real property in Boone County consisting of three parcels (the "Property"). Each owned a one-half interest. In May of 2005, the Debtor executed a note and deed of trust in favor of Chase Bank USA, N.A. (the "Bank"), secured by Parcel 1. The original deed of trust was never recorded.

The Debtor filed his Chapter 7 petition on August 20, 2010.[1] Thereafter, the Trustee filed a Complaint to Avoid Transfer Pursuant to 11 U.S.C. §544 seeking to avoid the Bank's unrecorded deed of trust. On March 6, 2012, this Court entered an Order avoiding the lien under §544(a)(1). The Trustee then filed a Motion to Sell Real Estate Free and Clear of Liens; the Court entered an Order granting the motion, with any and all existing liens, claims or interests attaching to the sale proceeds.

On December 7, 2012, the Trustee conveyed the Debtor's one-half interest in Parcel 1 in exchange for the net sum of $252,154.77. The estate of the Debtor's former wife received the net sale proceeds which represented her one-half interest in Parcel 1. The sale proceeds attributed to Parcels 2 and 3 were distributed in a similar manner.

The Bank filed its proof of claim as unsecured in the amount of $597,339.66. The basis for the claim is the Bank's note which was secured by the unrecorded and avoided deed of trust against Parcel 1. The amount of the Bank's claim exceeds the sale proceeds from Parcel 1 that are held by the Trustee.

---

[1] Marie Gilmore filed her Chapter 7 bankruptcy petition on October 8, 2010.

The Trustee initiated this adversary proceeding to determine the validity and priority of the various liens on the proceeds from the sale of the Property.[2]

## II.   DISCUSSION

### A. Priority of Liens and Interests Regarding Sale Proceeds from Parcel 1

*EBS' Judgment Lien* -- The Trustee contends that EBS, as a judgment creditor, cannot dispute the validity of the Bank's deed of trust because it does not have the requisite "interest" in the title of the Property. Although EBS does not address this issue directly in its briefing, it does assert that its interest in the sale proceeds was created when it transcribed its judgment in the Circuit Court. This Court agrees with the Trustee.

In general, when adjudicating property rights, a bankruptcy court should apply state law. *In re Bridge Information Systems,* 288 B.R. 556, 560 (Bankr. E.D. Mo. 2002). *See also In re Crawford*, 274 B.R. 798, 803 (8th Cir. BAP 2002)(while federal law grants the trustee avoidance powers, it is state law that defines property interests). In this case, Missouri's recording statutes apply.

Section 442.400 Mo. Rev. Stat. states that "[n]o such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." While the plain language of the statute would seem to indicate the unrecorded deed of trust which the Trustee now holds would not be valid as against the Defendants, unless they had actual notice of it, numerous Missouri courts have held that this provision is for the benefit of an "interested" party, or one who claims an interest in title for value under the same grantor. *See, e.g., Davis v. Owenby*, 14 Mo. 170, 176 (1851)("A creditor

---

[2] The Court entered judgment by default against the following defendants for failing to submit a motion or answer to the Complaint: Dennis Vollrath, George Marshall, Marx David Sterbcow, Sentinel Industries, Inc., P-Americas, LLC, American Builders & Contractors Supply Co., Inc., and Missouri Department of Labor and Industrial Relations, Division of Employment Security.

by obtaining a judgment acquires a lien that binds the estate of the defendant against a subsequent act of his, but he acquires no interest or estate in the property."); *State of Missouri v. Composition Roofers Local No. 2*, 607 S.W.2d 742, 745 (Mo. App. E.D. 1980)(quoting *Davis*); *Max Stovall Construction Co. v. Villager Homes, Inc.*, 754 S.W.2d 5, 10 (Mo. App. 1988)("at the time the deed was recorded plaintiffs had no interest in the real estate and at the time of execution the judgment debtor had no interest in the real estate.").

The Trustee cites *Composition Roofers*, *supra*, to establish the priority of her interest. There were two competing claimants in that case: 1) Composition Roofers Local No. 2 which had a valid judgment lien which attached to real property, and 2) the State of Missouri which had a general warranty deed to the same property. The latter was executed before but filed after the judgment lien. Composition Roofers claimed that its judgment lien was superior to the State's deed, citing *Frothingham v. Stacker*, 11 Mo. 77 (1847), as controlling.[3] The court of appeals rejected that argument:

> While the Supreme Court in Frothingham did find that a judgment lien would hold against a prior unrecorded deed which was subsequently recorded before execution, the law in Missouri changed in 1851. In *Davis v. Owenby*, 14 Mo. 170 (1851), the Supreme Court found that, absent fraud, a bona fide purchaser of property who failed to record his deed until after judgment had been recovered against his vendor, but who records prior to any execution sale, has priority over any person purchasing under the judgment lien.

*Composition Roofers*, 607 S.W.2d at 744. With respect to Composition Roofers' argument that under §442.400 the warranty deed was not valid until recorded, the court cited *Davis* again which held that a judgment creditor is not one who is "interested," that is, acquires no interest in

---

[3] Both EBS and the U.S. cite to *Frothingham* to establish the priority of their respective liens over the Trustee's interest. As noted herein, the holding in that case is no longer the law in Missouri.

4

the title under the same grantor, and therefore, cannot dispute the validity of an unrecorded deed. *Id.* at 745 (citations omitted).

EBS attempts to discredit the significance of *Composition Roofers* by emphasizing that that the case involved a general warranty deed, not a deed of trust as in the instant case, noting that the former conveys an interest in property and the latter perfects a lien on real property. As the Trustee aptly put it, "[t]he fact that the deeds perform different functions does not, without further explanation or case law, necessarily mean that the holding of *Composition Roofers* and its 'correct statement of Missouri law' are inapplicable herein."[4]

The Trustee argues further that because EBS does not have the requisite interest in the Property, its judgment lien cannot be senior to the Bank's deed of trust, even if unrecorded. She cites *In re Garringer*, 2006 WL 3519342 (Bankr. W.D.Mo. 2006), to support her argument. In *Garringer*, the lender loaned money to the debtors prepetition and intended to secure that indebtedness with a deed of trust on the debtors' real property. The lender failed to record the deed of trust until after the bankruptcy filing. The trustee sought to avoid the lender's deed of trust and asserted a superior interest in the property. The lender argued that, under Missouri law, the trustee's interest in the property as a judgment lien creditor was junior to the lender's interest arising from its unrecorded deed of trust. Although the court ultimately ruled in favor of the trustee on other grounds, it did find support for the lender's argument: "In 1851, the Missouri Supreme Court limited the application of §442.400 to parties with an 'interest' in the real property at issue and determined that judicial lien creditors who have not executed on their judgment do not have any interest in the real property, and, therefore, cannot prevail over an unrecorded deed of trust." *Id.* at n.1 (citing *Davis, supra*, and *Composition Roofers, supra*).

---

[4] Both EBS and the U.S. admit in their briefs that Composition Roofers is "a correct statement of Missouri law."

EBS asserts, and the Trustee accepts, that the Trustee succeeds only to the priority that the avoided and preserved lien had with respect to competing liens. EBS' position is that in this case, its recorded interest in the Parcel 1 proceeds (*i.e.*, its judgment lien) is superior to the Trustee's interest which is derived from the Bank's unrecorded deed of trust. EBS relies on the recent case of *Bob DeGeorge Associates, Inc. v. Hawthorn Bank*, 377 S.W.3d 592 (Mo. Banc 2012), to support its argument. The *DeGeorge* case is distinguishable on several grounds. The priority contest in *DeGeorge* was between a purchase-money deed of trust and a mechanic's lien, not a judgment lien. The court stated at the outset that "the recording statutes serve to protect persons who acquire an interest in the real property without notice of prior encumbrances and to 'establish a system of statutory priorities' for encumbrances affecting the real property." *Id*. at 597. The remainder of the opinion is essentially a discussion of the interplay between Missouri's recording statutes and Missouri law pertaining specifically to mechanics' liens (*e.g.*, §429.060 and the "first spade rule"). That analysis is not relevant here. Additionally, EBS suggests that its case is even more compelling than the contractor in *DeGeorge* because the lender there eventually recorded its deed of trust and here, the Bank's lien was never recorded. That distinction was not only irrelevant in the *DeGeorge* case, but is irrelevant to the issue under consideration in this case. Whether or not the Bank's lien was ever recorded has no bearing on whether EBS' interest as a judgment lien creditor is senior to the Trustee's interest because EBS does not meet the requisite "interest" test related to lien disputes affecting real property.

EBS is a creditor solely by virtue of its judgment. It did not acquire an interest in title to the Property nor did it execute on its judgment prior to the Debtor's bankruptcy filing. As the Trustee noted, EBS was not injured by the Bank's failure to record the deed of trust. Accordingly, EBS cannot dispute the validity of the Trustee's interest in the Bank's deed of trust,

6

and its judgment lien cannot take priority over the Trustee's interest in the sale proceeds derived from the property subject to that deed of trust.

*IRS' Tax Liens* – The Trustee contends that her interest takes priority over the IRS' tax liens, citing relevant provisions of the Internal Revenue Code (the "IRC") as well as the Missouri law to which she previously referred. The IRS makes virtually the same arguments advanced by EBS, namely that the rationale of the *DeGeorge* case applies and that of the *Composition Roofers* case does not. For the reasons already articulated, the Court adopts the Trustee's position.

The IRC specifically addresses the validity and priority of tax liens relative to other lienholders. Pursuant to 26 U.S.C. §6323(a), "[t]he lien imposed by section 6321 shall not be valid as against any … holder of a security interest…until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." The term "security interest" is defined as follows:

> Any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists … if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation…. 26 U.S.C. §6323(h)(1).

Therefore, the Trustee's interest must be derived from a valid security interest in order for the Trustee to take the sale proceeds free and clear of the IRS liens. There is no dispute that the Bank held a security interest prior to the recording of those tax liens. The Bank acquired an interest in the Debtor's Property through the deed of trust, which secured Debtor's obligation to pay the note. The IRS argues that the Court ruled in the avoidance proceeding that the Bank did not have a security interest in Parcel 1. The Court made no such ruling, rather the Court held that the Bank's security interest was not properly perfected – a significant difference. Thus,

7

based on the foregoing IRC provisions and relevant Missouri law, the Trustee's interest is senior to the IRS' interest.

The IRS also accuses the Trustee of playing fast and loose with the Court: the Court "already ruled that Chase did not have a security interest in Parcel 1 protected under Missouri law due to Chase's failure to record its Deed of Trust" and as such, the Trustee "should be estopped from relitigating this issue and *now* arguing that Chase held a security interest in Parcel 1 protected under state law." For purposes of addressing this argument, the Court will presume that the IRS is referring to judicial estoppel, although it is not entirely clear from the pleadings. The Court finds that the doctrine does not apply under these circumstances.

Judicial estoppel is an equitable doctrine invoked by a court at its discretion. *Davis v. Bonewicz*, 2011 WL 5827796 (E.D.Mo. 2011)(citing New *Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). It is designed to preserve the dignity of the courts and insure order in judicial proceedings. *Edwards v. Durham*, 346 S.W.2d 90, 101 (Mo. 1961). The doctrine may be invoked when a party abuses the judicial process by making a knowing misrepresentation to the court or perpetrating a fraud on the court. *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 (8th Cir. 1987). Judicial estoppel, however, is an extraordinary remedy and should only be applied when a party's inconsistent behavior will result in the miscarriage of justice. *Copeland v. Hussmann Corp.*, 462 F. Supp.2d 1012, 1019 (E.D.Mo. 2006)(citations omitted).

Judicial estoppel generally prevents litigants from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. *New Hampshire*, 532 U.S. at 749 (citations omitted); *Brock v. McClure*, 2013 WL 3880178 *2 (Mo. App. W.D. 2013)(citing *Banks v. Central Trust and Inv. Co.*, 288 S.W.3d 173, 175 (Mo. App. E.D. 2012)). Although the Supreme Court in *New Hampshire v. Maine, supra*, stated that the

8

application of judicial estoppel is "probably not reducible to any general formulation of principle," the following three factors inform the decision: 1) whether the party's later position is clearly inconsistent with its earlier position; 2) whether the party succeeded in persuading a court to accept that party's earlier position; and 3) whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire*, 532 U.S. at 750.

Here, the IRS seems to be asserting that the Trustee's position in this proceeding is inconsistent with the position she took in the prior lien avoidance proceeding. *See Olsen v. Chase Bank USA, N.A. (In re Gilmore)*, 468 B.R. 896 (Bankr. W.D.Mo. 2012). The IRS is mistaken. In the first place, the central issue in the prior proceeding was whether the filing of a copy of the Bank's deed of trust, in lieu of the original, would suffice under the Missouri recording statute. The Trustee posited that it would not, and therefore, the unperfected lien could be avoided. The current issue was not raised by the Trustee in the prior case or litigated. The argument the Trustee is making in this case, that her interest in the proceeds from the sale of Parcel 1 are senior to competing interests in those proceeds, may have been implied in the prior proceeding, but it was not expressed. Thus, the Trustee's position in this proceeding cannot be said to be clearly inconsistent with her earlier position. Secondly, as previously noted, the Trustee did not argue, and this Court did not rule, that the Bank did not have a security interest in Parcel 1. The Court held instead that the Bank's security interest was not properly perfected. Additionally, the Trustee sought to avoid the Bank's lien pursuant to §544(a)(1) or (a)(3). The Court chose, on its own accord, to base its ruling on §544(a)(1), which eliminated its need to address the argument based on §544(a)(3). The only position espoused by the Trustee, and which the Court accepted, was that her hypothetical lien was superior to the Bank's unperfected lien. Finally, in at least

9

one Missouri case, the suggestion was made that §544 should be interpreted as giving a trustee the rights of a judicial lien creditor who has already executed his lien and that such rights would be superior to those of the holder of an unperfected security interest. *In re Garringer*, 2006 WL 3519342 (Bankr. W.D.Mo. 2006). Since the court decided that case under the bona fide purchaser prong of §544, it did not need to decide whether that argument had merit. Neither does this Court, although if true, it means the Trustee's arguments are not inconsistent.

The IRS has failed to persuade this Court that judicial estoppel should be invoked. The Trustee's positions in both proceedings are not clearly inconsistent. Although the Court accepted the Trustee's argument with respect to lien avoidance, the issue now before this Court requires a different legal analysis. Furthermore, there is no indication that the Trustee will derive an unfair advantage or impose an undue detriment is she is not estopped.

**B.  Priority of Liens and Interests Regarding Sale Proceeds from Parcels 2 and 3**

Because the Bank's lien was only against Parcel 1, the Trustee's interest in the proceeds from the sale of Parcels 2 and 3 does not take priority over any existing liens or interests attaching to those proceeds. The Trustee has requested that the Court resolve any conflicting demands for the proceeds. The IRS has agreed and stipulated that EBS' interest in the sale proceeds is superior to its interest.

**C.  Request for Attorneys' Fees**

The Trustee also claims that she is entitled to recover her reasonable and necessary attorneys' fees, costs and expenses from the proceeds under §506(c). Since this Court has determined that the Trustee's interest is superior to the interests of EBS and the IRS, and therefore, she is entitled to the entire amount of the sale proceeds, the Trustee's request is moot

and there is no need for the Court to make a such an award or a specific ruling regarding the disbursement of the proceeds.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Trustee's interest in the entire proceeds from the sale of Parcel 1 of the Property takes priority over any interests of EBS and the IRS in such proceeds.  Based on the agreement between EBS and the IRS, EBS is awarded the proceeds of the sale of Parcels 2 and 3.

Dated:  October  __2nd__, 2013               __/s / Dennis R. Dow_____
                                              HONORABLE DENNIS R. DOW
                                              UNITED STATES BANKRUPTCY JUDGE